UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-317-J

LEON STAMPER, JR.                                                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                      RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

Movant/Defendant, Leon Stamper, Jr., by counsel, moves to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. This matter is before the Court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, 28 U.S.C.A. following § 2255. *See Scott v. Collins*, 286 F.3d 923, 928-29, fn 5 (6th Cir. 2002). The Court will order Defendant to show cause why this action should not be dismissed as time-barred.

On May 7, 2004, the Court entered an Amended Judgment against Defendant, following a remand from the United States Court of Appeals for the Sixth Circuit, affirming the conviction but reversing the sentence. A jury convicted Defendant on five counts: Motor Vehicle Theft – Carjacking; Interference With Commerce by Threat or Violence; Use of Firearm in Commission of Violent Crime; Possession of Firearm by Convicted Felon; and Transportation of Stolen Vehicle in Interstate Commerce. After remand, the Court sentenced Defendant to serve 319 months in prison; thereafter, Defendant pursued no appeal.

More than one year later, on May 27, 2005, Defendant filed this § 2255 motion.[1] In the motion, Defendant seeks relief on grounds of ineffective assistance of counsel and due process

---

[1] Defendant's counsel initiated this civil action by filing a motion, file-stamped June 1, 2005. Defendant, *pro se*, filed the same motion with a cover letter in which he states he mailed the motion on May 27, 2005, to benefit from the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988). *See Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

violations at sentencing.

Section 2255 provides that a one-year period of limitation shall apply to a motion under this section. "The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final ... ." 28 U.S.C. § 2255.

Defendant's unappealed conviction became final on or about May 17, 2005, one year and ten days after the entry of the amended judgment of conviction. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2003). Because Defendant challenges his conviction after expiration of the one-year limitation period, the motion is time-barred. WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant shall **SHOW CAUSE** within 30 days of entry of this Order why the Court should not DISMISS this motion, pursuant to § 2255, on the ground that Defendant filed this motion outside the one-year limitation period. Failure to show cause within the time allowed may result in DISMISSAL of this motion.

Dated:

cc:     Counsel for Movant
        United States Attorney

4408.007